## ALICE E. FLEMING, Executrix,

### *vs.*

## WILLIAM COURTENAY, Admr.

## Lincoln.    Opinion March 1, 1901.

*Pleading.   Abatement.   Amendment.   Assignment.   Foreign Admr.   R. S., c. 82, §§ 10, 23.*

When " errors and defects " are by law amendable, the process shall not be abated, and the case will be remanded to the trial court where the plaintiff may have an appropriate amendment allowed by the presiding judge, if deemed by him to be in the furtherance of justice.

*Held;* that the first and second counts in the writ must be deemed a declaration by the plaintiff in her alleged capacity as executrix. The other three counts appear to be a declaration by the plaintiff in her individual capacity, and if either of them contained an averment of the assignment of the cause of action to her, it would be a sufficient declaration; and inasmuch as a copy of this assignment is annexed to the writ, the declaration was amendable by striking out the first two counts, and inserting in each or either of the remaining counts an appropriate averment of the assignment, so as to become a declaration in the plaintiff's own right.

But since the plaintiff is not executrix and cannot recover on the first two counts, and the remainder of the declaration, without amendment, must be held a nullity, the plea in abatement was properly sustained, as the declaration now stands.

Exceptions by plaintiff.    Overruled.

Action of debt.    The defendant filed a plea in abatement on the second day of the first term, to which the plaintiff demurred. The court overruled the demurrer and ordered the writ abated; the plaintiff moved to amend, but this motion was denied by the court for the reason that the declaration was not amendable at this stage of the proceedings.    The plaintiff took exceptions to both rulings.

The case appears in the opinion.

*O. D. Castner, E. Foster,* with him, for plaintiff.

*J. E. Moore and G. B. Sawyer,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, FOGLER, POWERS, JJ.

WHITEHOUSE, J. This is an action of debt on a written agreement under seal between James A. Maynard, late of Somerville, Massachusetts, and George W. Lawrence, late of Damariscotta, Maine, growing out of the construction of the monitor "Wassuc" in 1863. The plaintiff is described in the writ as "sole executrix of the last will and testament of James A. Maynard," and the defendant as "administrator de bonis non of the goods and estate of George W. Lawrence." The defendant seasonably filed a plea in abatement to the writ and declaration, alleging that the plaintiff was not at the date of the writ and never had been executrix of the last will and testament of James A. Maynard "in and for the state of Maine." To this plea the plaintiff demurred, but the presiding judge overruled the demurrer, sustained the plea and ordered the writ to be abated. The case comes to the law court on exceptions to this ruling.

It appears that prior to the commencement of this action the plaintiff, Alice E. Fleming, of Boston, received from the assignee in bankruptcy of James A. Maynard, a written assignment of all of the assets belonging to Maynard's estate. This fact is duly set forth in the second count of the declaration in her writ, and a copy of the assignment annexed to the writ and filed in court. It is accordingly contended, in behalf of the plaintiff, that while the first count must be conceded to be a declaration by the plaintiff in her representative capacity as executrix of James A. Maynard, the second count might reasonably be construed as a declaration on a personal claim in her individual capacity; and that although the plaintiff may thus appear to have sued in a two-fold capacity in separate counts, and the declaration be amenable to the objection of a misjoinder which might be taken advantage of by demurrer, it is insisted that the defendant's plea in abatement must be adjudged bad, because he has pleaded to the whole writ and declaration, and not simply to the defective part.

And such is undoubtedly the common law rule of pleading.

In the early case of *Herries* v. *Jamieson,* 5 Durn. & East, (Term Rep.) 533, the declaration in an action of debt contained two counts, one for the principal of money borrowed and the other for the interest of another sum. The defendant filed a plea in abatement to the whole writ and declaration, and the plaintiff demurred to the plea on the ground that it affected to answer the whole declaration, and yet answered only the first count. Lord Kenyon said: "I think the plea is bad because it goes to the whole declaration, when in truth it gives no answer to the second count." So in 1 Chitty's Plead. (16 Ed.) 475, it is said: "A writ is divisible and may be abated in part and remain good as to the residue. . . . . When the matter goes only to defeat a part of the plaintiff's cause of action, the plea in abatement should be confined to that part, and if the defendant were to plead to the whole, his plea would be defective."

The defendant insists, however, that this rule has no application to the case at bar, because he says the plaintiff has declared in her capacity as executrix in all of the counts in her writ. It is the opinion of the court that this contention of the defendant must be sustained as to the first and second counts, and that the remaining counts are fatally defective unless amended; for in the first and second counts it is represented that the contract was made with the "plaintiff's testator," and that the amount claimed is due to the plaintiff "as executrix," or that "an action hath accrued to the plaintiff as executrix aforesaid." The second count, as well as the first, must therefore be deemed a declaration by the plaintiff in her representative capacity, and the averment in that count of an assignment to her of all of the assets of the testator be regarded as surplusage.

But in each of the remaining counts it is declared that the defendant is indebted to the "plaintiff," and that "an action hath accrued to the plaintiff," and in the writ the plaintiff is represented to be "Alice E. Fleming of Boston. . . . . sole surviving executrix," etc. The specification shows the cause of action to be the same in all the counts. In neither of these last counts is any allusion made to a contract with the plaintiff's testator or to

the right of the plaintiff to recover "as executrix," but the defendant is represented as indebted "to the plaintiff." In this respect the situation is precisely analogous to that in *Bragdon* v. *Harmon*, 69 Maine, 29, where it was held that the words "executor," etc., were only descriptio personae, and that an amendment striking them out did not change the legal status of the parties. "True," say the court in that case, "the plaintiff described himself in his writ as an executor, but the cause of action is described as one accruing to him in his own right. He does not aver that the promise on which the action is brought was made to the testator ; nor that it was made to him as executor. . . . . To constitute a suit in his representative capacity, the plaintiff must not only describe himself as an executor, but he must aver that the promise was made to the testator in his life time, or that it was made to the plaintiff as executor."

If, therefore, either of these last named counts contained an averment of the assignment of the cause of action to the plaintiff, it would become a sufficient declaration by the plaintiff in her individual capacity ; and inasmuch as a copy of this assignment to the plaintiff is annexed to the writ, it seems clear, upon the authority of *Bragdon* v. *Harmon*, supra, that the declaration was amendable by striking out the first two counts and inserting in each, or either of the remaining counts, an averment of the assignment to the plaintiff above mentioned, so as to become a good declaration in the plaintiff's own right.

But since the plaintiff is not executrix and cannot recover on the first two counts, and the remainder of the declaration without amendment, must be deemed a nullity, the plea in abatement was properly sustained, as the declaration now stands. But as no motion to amend was made by the plaintiff "before exceptions filed and allowed," it is further insisted by the defendant that no amendment can now be made, and that the writ must abate. We are unable to concur in this view. Section 10 of chap. 82 R. S., thus declares : "No process or proceeding in courts of justice shall be abated, arrested, or reversed for want of form only, or for circumstantial errors or mistakes which by law are amendable, when the

person and case can be rightly understood. Such errors and defects may be amended, on motion of either party, on such terms as the court orders." The provision in sect. 23 ch. 82, that the single justice "before exceptions are filed and allowed" has the same power as the full court to allow the plaintiff to amend, etc., is a distinct recognition of the power of the full court over amendments, and in no respect in derogation of its authority. It expressly affirms the inherent common law power of the trial court to grant amendments, and very properly declares that the power must be exercised by the single justice "before exceptions are filed and allowed." There would be a manifest incongruity in authorizing a single justice to allow amendments and impose terms therefor after exceptions are filed and allowed and before they are overruled. There would be no justice or propriety in requiring a party to pay costs for the privilege of amending before it has been determined by the full court that any amendment is necessary. *Hare* v. *Dean*, 90 Maine, 308. Hence there is no imperative reason for compelling a party to file a motion asking for an amendment before filing exceptions when the necessity for it has not been authoritatively declared. Indeed, express provision is made in a subsequent clause of the same section (sect. 23 ch. 82) for the filing of amendments after a decision by the full court upon the demurrer, and no statute exists and no rule or decision of the court can be found requiring a party to file his motion to amend before taking exceptions to the overruling of a demurrer to a plea in abatement, or depriving the court of the power to allow amendments in such a case upon a motion made after exceptions "are filed and allowed," and after the decision of the full court has been certified to the trial court. On the contrary, amendments under such circumstances have often been authorized by the full court and allowed by the justice of the trial court, when deemed to be in furtherance of that justice which seeks to give every man his due and an opportunity to prove it.

In *Augusta* v. *Moulton*, 75 Maine, 551, a re-pleader was awarded after a decision by the full court on a demurrer, the court saying in the opinion: "It cannot be doubted that ample power is left in R. S., ch. 82, § 19 (now 23) to this court, and to a judge at nisi

prius after ruling on a demurrer and before exceptions allowed, to permit the party found in fault to re-plead or amend upon payment of costs, when there is reason to believe that the former pleadings did not properly present the party's case. . . . . The defendant has liberty to re-plead upon payment of costs since the filing of the demurrer, and upon filing his new pleadings within the time required by the statute and rules of court." This case was re-affirmed on precisely the same state of the pleadings in *Field* v. *Cappers*, 81 Maine, 36.

In *Goodhue* v. *Luce*, 82 Maine, 222, as in the case at bar, the question was upon a demurrer to a plea in abatement. The demurrer was overruled by the full court, the plea adjudged good and the declaration bad. At the conclusion of the opinion the court said: "Whether the furtherance of justice will require that the plaintiff, upon proper motion, shall be allowed to amend his declaration, must be determined by the court at nisi prius." See also *Maine Central Institute* v. *Haskell*, 71 Maine, 459. In each of these cases the motion to amend or for leave to plead over, was made after the decision of the law court had been certified to the trial court, although in two of these cases the plaintiff's counsel appear to have claimed in argument before the law court, as in the case at bar, that the alleged "errors and defects" were by law amendable, and invoked the exercise of the discretionary power of that court, if necessary, to remand the case for amendment by the trial court if deemed to be in the furtherance of justice. So in *Rand* v. *Webber*, 67 Maine, 191, the language of the court is: "The plaintiff may at nisi prius have leave to have the writ amended and the pleadings reformed, conformably to an action of tort, by paying costs and receiving none up to the date of the amendment."

In several other cases the statute in question has been expressly recognized as applicable when the question arises on a demurrer to a plea in abatement.

In *Furbish* v. *Robertson*, 67 Maine, 35, the case went to the law court on exceptions to the ruling of the presiding justice sustaining a demurrer to a plea in abatement. There the defendant was met

by the provisions of sect. 52, ch. 77, R. S., that "when a dilatory plea is overruled and exceptions taken, the court shall proceed and close the trial, and the action shall then be continued and marked 'law.'" As, upon such a ruling and, under such a statute, the defendant in that case could not rightfully enter his action in the law court until it was in a condition to be finally disposed of, if his exceptions should be overruled, and as he had not obtained leave to plead double at the beginning, or claimed the right to answer further before taking exceptions, his right to answer further was properly regarded as waived. It is important to observe, however, that in this case the court say in the opinion : " The decision being based on a demurrer, the judgment cannot be entered until the next term after the decision is certified ;" citing R. S., ch. 82, sect. 19 (now 23). If one clause in this sentence of the section is held applicable in case of a demurrer to a plea in abatement, the other clause of the same sentence providing for amendment to the declaration after the decision of the full court, must be equally applicable when the demurrer is overruled. In such a case, the declaration being adjudged defective, the court cannot in justice "proceed to close the trial" before the case is marked " law," and the question is rightfully carried to the law court to have the correctness of the nisi prius ruling and the sufficiency of the declaration formally determined before any amendment is offered. *Hare* v. *Dean*, 90 Maine, supra. See also *State* v. *Peck*, 60 Maine, 498, in which the reasoning of the court is to the same effect as in *Furbish* v. *Robertson*, supra, and the statute in question (ch. 82 sect. 23) quoted for the same purpose. But here the defendant lost his right to plead anew by failing to pay the costs and to file his pleadings on the second day of the term, as required by the statute.

In the case at bar the docket entries are : "Demurrer overruled ; plea sustained; action abated." The entry "action abated" is simply a statement of the legal effect of overruling the demurrer and sustaining the plea in abatement. It is an appropriate entry to inform the clerk of the legal status of the case in the event that no exceptions are taken, or the exceptions taken are overruled and

no amendment allowed.   But section 10 of chap. 82, the statute first cited, declares that "no process . . . . shall be abated . . . . for circumstantial errors or mistakes which by law are amendable."

The conclusion is, that the plea in abatement was properly sustained, but that the "errors and defects" in the plaintiff's declaration are by law amendable, and that the case should be remanded to the trial court, where the plaintiff may have an appropriate amendment allowed by the presiding judge if deemed by him to be in the furtherance of justice.

*Exceptions overruled.     Case remanded accordingly.*