HENRY S. MESIROV, TRUSTEE, v. INNIS SPEIDEN & COMPANY.

Submitted December 2, 1915—Decided April 3, 1916.

1. When a trustee in bankruptcy rejects any part of the bankrupt's assets because their acceptance would be a burden to the estate, such action is final and the title thereto remains in the bankrupt unless the federal court shall compel another course, and the trustee, having rejected any part of the bankrupt's estate, is divested of any sufficient title upon which to rest an action in trover for the conversion of such assets by the bankrupt or his assigns.

2. Where a trustee in bankruptcy, without asserting his claim thereto within a reasonable time, having knowledge of all the circumstances, allows third parties, in the prosecution of their legal rights, to acquire an interest in any part of the unclaimed assets of the bankrupt, he may be held to have waived his claim thereto.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the rule, *Dean S. Renwick* and *Stackhouse & Kramer.*

*Contra, Lewis Starr.*

The opinion of the court was delivered by

BERGEN, J. The defendants have a verdict, and the plaintiff holds a rule to show cause why it should not be set aside which he now moves be made absolute. The plaintiff instituted an action to recover the value of a building, admitted to be a trade fixture, together with certain machinery and chattels which he claims the defendants unlawfully took and converted to their use. The defendants admit that they have the possession of the goods, but assert title and right of possession at the time of the alleged conversion, and deny any unlawful taking or conversion. In order to maintain

this action, the plaintiff must prove property, or a right to its possession (*Mount* v. *Executors of Cubberly*, 19 *N. J. L.* 124), without which there can be no unlawful detainer or conversion. 38 *Cyc.* 2044. The testimony of the plaintiff in this case tended to show that on April 2d, 1912, one Scott L. Wolff was adjudicated a bankrupt under the federal statute relating to bankruptcy; that on April 22d, 1912, the plaintiff was duly appointed trustee of the bankrupt's estate; that between the adjudication and the appointment of plaintiff as trustee, Wolff surrendered the property in dispute to the defendants as chattel mortgagee, who converted it to their use. From the proof in defendant's case it appears, that on December 20th, 1911, Wolff gave to defendants a chattel mortgage on the goods which was not properly recorded in order to give it validity against creditors; that on April 11th, 1912, Wolff surrendered to the defendants the possession of the building and other goods set out in the chattel mortgage; that the buildings and other trade fixtures were located on land leased by Wolff for a term expiring in 1916, having about four years to run when the trustee was appointed, the right to remove the fixtures depending upon payment of rent and taxes for the entire term; that the plaintiff as trustee, with knowledge of the chattel mortgage and of the fact that the buildings and other trade fixtures could not be removed until the rent reserved for the entire term, as well as all taxes, was paid, decided that the burdens on the property made it inadvisable to accept it as part of the estate, and thereupon rejected it, and allowed it to remain in the hands of the defendants as their property, and they so treated it, no claim or demand being made until January 15th, 1915, and after defendants had disposed of at least a part, and nearly three years after the disclaimer. If the jury credited the defendants' proof, plaintiff knew or is chargeable with notice, that at the time of the rejection of these goods the chattel mortgage was not properly recorded to give it a preference over creditors, and if it had been, that it was executed within four months of the adjudication of bankruptcy, and therefore not entitled to preference. He also knew that much

of the value of the goods were trade fixtures which could not be removed without payment of rent for four years, as well as the taxes to be levied on the real estate during that period. His disclaimer was therefore made with knowledge of all the facts, and his action is final unless a different course is compelled by the federal court having cognizance of bankruptcy matters. No such action was taken in this case. It is well settled that a trustee in bankruptcy may refuse to take possession of onerous or burdensome property, and that when he elects to reject, the title to such assets remains in the bankrupt, and that if he does not elect to take within a reasonable time, it is deemed an election to reject. *Fleming* v. *Courtney,* 57 *Atl. Rep.* 595; 95 *Me.* 128.

In *Dushane* v. *Beal,* 161 *U. S.* 515, Chief Justice Fuller said: "If with knowledge of the facts, or being so situated as to be chargeable with such knowledge, an assignee, by definite declaration or distinct action, or forbearance to act, indicates in view of the particular circumstances, his choice not to take certain property, or if in the language of Justice Ware in Smith *v.* Gordon, he, with such knowledge 'stands by without asserting his claim for a length of time and allows third persons in the prosecution of their legal rights to acquire an interest in property' then he may be held to have waived the assertion of his claim thereto."

In the case we are reviewing, there was evidence from which the jury might find either that plaintiff had by positive act disclaimed and rejected the goods in dispute, or had stood by without asserting any claim for an unreasonable lapse of time, and allowed third parties to acquire an interest in the property so as to be deemed as having waived his claim thereto. If the jury could find, as we think they could, that the plaintiff had rejected the goods, and that no steps to compel a different course had been taken in the bankruptcy court, then he would have no title or right of possession to them and thus failed in maintaining, by a preponderance of proof, the essential element of his right to recover in this action.

The question of the conversion of plaintiff's goods was submitted to the jury and it, as we must assume, accepted the

defendants' proofs that the plaintiff had knowledge of all the circumstances and deeming the property burdensome to the bankrupt's estate, rejected it as he had a right to do, the legal consequence being that the title remained in Wolff, and thereafter plaintiff had neither property in, or right of possession to, the chattels. We are of opinion that the verdict was not contrary to the weight of the evidence.

The plaintiff argues that the delivery of the goods to the defendants was unlawful because by the adjudication of bankruptcy the title vested in plaintiff, but this ignores the proof that plaintiff subsequently rejected the property and that thereafter the property remained in Wolff. He next urges that the plaintiff could not reject without an order of the bankruptcy court. This is not the law and plaintiff does not undertake to sustain it by argument or citation of authorities. Plaintiff also insists that Wolff could not surrender under the mortgage because it was, as he claims, void for want of prompt recording. This is not correct; it is void as to creditors represented by the trustee if he chose to insist upon it, but it was not void between the parties to it, and the trustee waived his right to contest it.

The rule to show cause will be discharged.